IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND TWYFORD,**

    **Petitioner,**

v.                                Case No.  2:03-CV-906
                                        CHIEF JUDGE ALGENON L. MARBLEY
**WARDEN, Chillicothe**         Magistrate Judge Elizabeth P. Deavers
**Correctional Institution,**

    **Respondent.**

## OPINION AND ORDER

Petitioner Raymond Twyford, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Petitioner's Motion for Discovery (ECF No. 129), Respondent's Memorandum in Opposition (ECF No. 133), and Petitioner's Reply (ECF No. 134).  For the following reasons, the motion is **DENIED**.

### I.  OVERVIEW

In 1993, a jury in Jefferson County, Ohio, convicted Petitioner of Aggravated Murder, Kidnapping, and Aggravated Robbery, and he was sentenced to death.  His conviction and sentence were affirmed on direct appeal and postconviction review.  *State v. Twyford*, 94 Ohio St. 3d 340 (2002); *State v. Twyford*, No. 98-JE-56, 2001 WL 301411 (Ohio App. 7th Dist. Mar. 19, 2001).

On January 13, 2003, Petitioner initiated the instant habeas corpus proceedings.  On October 6, 2003, Petitioner filed his Petition for Writ of Habeas Corpus.  (ECF No. 13.)  On

1

September 27, 2017, this Court issued an Opinion and Order granting in part Respondent's motion to dismiss procedurally defaulted claims. (ECF No. 93.) Relevant here is the Court's conclusion that Petitioner procedurally defaulted subclaim (C) of his First Claim for Relief (ineffective assistance of trial counsel for failing to challenge Petitioner's competency to stand trial) and portions of his Third Claim for Relief (prosecutorial misconduct).

By way of the instant motion for discovery, Petitioner now seeks reconsideration of this Court's decision to dismiss subclaim (C) of his First Claim for Relief and the relevant portions of his Third Claim for Relief. In seeking reconsideration, Petitioner requests discovery in order to develop evidence to establish the existence of cause and prejudice to excuse the default of those claims, as well discovery on the merits of the claims. Specifically, with respect to both claims for relief, Petitioner seeks leave to depose trial counsel Adrian Hershey and David Vukelic and all members of the trial team, as well as all appellate and postconviction counsel. Additionally, Petitioner requests leave to "subpoena all competency evaluations, psychiatric and sanity examinations, and any other related documentation that was available to trial counsel before and during Mr. Twyford's trial." (ECF No. 129, at PAGEID # 7234-35.)

## II. LEGAL STANDARDS FOR HABEAS DISCOVERY

The liberal discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions. *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Instead, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6") provides that, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]" Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas proceedings only "'where specific allegations

2

before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'" *Bracy v. Gramley*, 520 U.S. 899, 908-08 (1997) (quoting *Harris v. Nelson*, 394 U.S. at 295); *see also Williams v. Bagley*, 380 F.3d 932, 974-75 (6th Cir. 2004).

Before determining whether discovery is warranted, a habeas court must first identify the essential elements of the claims on which discovery is sought. *Bracy*, 520 U.S. at 904. The discovery requested must be materially related to the petitioner's claims and must be likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams*, 380 F.3d at 975. In keeping with the well-settled principle that habeas petitioners are not entitled to go on fishing expeditions in search of damaging evidence, this "good cause" standard requires the petitioner to at least attempt to identify what he expects to uncover through his discovery requests. *Id*. at 974. The burden of demonstrating the materiality of the information requested is on the moving party, and when a petitioner "'offers nothing more than vague musings on how [the desired discovery] might . . . unfold[,]' a district court may correctly determine that he or she has 'fail[ed] to satisfy the good cause standard required to obtain habeas corpus discovery.'" *Jones v. Shoop*, No. 5:19-cv-2063, 2024 WL 248045, at *1 (N.D. Ohio Jan. 23, 2024) (Oliver, D.J.) (quoting *Stojetz v. Ishee*, 892 F.3d 175, 207 (6th Cir. 2018)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs federal habeas petitions, further restricts discovery in habeas proceedings. First, under AEDPA, a habeas court's review of claims that were adjudicated on the merits in state court is limited to the evidence contained in the state court record. *See Cullen v. Pinholster*, 563 U.S. 170 (2011) ("review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that

3

adjudicated the claim on the merits"). An increasing number of courts in the Sixth Circuit hold that they must consider the impact of *Pinholster* when determining whether to grant a habeas petitioner leave to conduct discovery. *See*, *e.g.*, *Obermiller v. Shoop*, No. 1:19-cv-2193, 2024 WL 404490, at *2 (N.D. Ohio Feb. 2, 2024) (Adams, D.J.) (citing *Pinholster*, 563 U.S. at 181, and noting that "[h]abeas courts, therefore, routinely deny requests for discovery of evidence that is barred from their review."); *Johnson v. Bobby*, No. 2:08-cv-55, 2018 WL 1382455, at *7 (S.D. Ohio March 19, 2018) (Sargus, D.J.) (analyzing *Pinholster*'s impact on discovery in habeas cases). These courts reason that although *Pinholster* did not explicitly address discovery under Habeas Rule 6, it makes little sense to allow petitioners to discover information that courts ultimately cannot consider. *See e.g.*, *Davis v. Bobby*, No. 210-cv-107, 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("*Pinholster*'s holding necessarily informs any determination as to whether discovery is warranted. . . . Put simply, unusable evidence cannot lead to relief").

AEDPA—by way of § 2254(e)(2)—also limits a habeas petitioner's factual development of claims that were not adjudicated on the merits in state court. Section 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) The claim relies on –
>
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and

4

>convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The Supreme Court has interpreted the opening clause of § 2254(e)(2) as requiring some degree of fault on the part of a petitioner before the provision will apply. In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), for example, the Supreme Court held that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id*. at 432.

"Under § 2254(e)(2), therefore, district courts may permit factual development of a claim 'only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met.'" *Obermiller*, 2024 WL 404490, at *3 (quoting *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)). The Supreme Court has characterized the standard for expanding the state court record as "stringent" and new evidence cannot be considered in all but "extraordinary cases." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). And in this very case, the Supreme Court held that this Court's transportation order allowing Petitioner to obtain neurological testing was not authorized under the All Writs Act *or* § 2254(e)(2), where Petitioner did not show that the desired evidence would have been admissible in supporting a claim for relief. *Shoop v. Twyford*, 596 U.S. 811 (2022).

### III. ANALYSIS

Petitioner seeks reconsideration of this Court's prior Opinion and Order dismissing subclaim (C) of his First Claim for Relief and portions of his Third Claim for Relief on the basis of procedural default, ECF No. 93, and seeks discovery to develop both cause and prejudice to excuse that default, as well as to support the merits of the substantive claims. Specifically, Petitioner seeks leave to depose his state trial, appellate and postconviction counsel and all

5

members of the trial team, as well as leave to "subpoena all competency evaluations, psychiatric and sanity examinations, and any other related documentation that was available to trial counsel before and during Mr. Twyford's trial." (ECF No. 93, at PAGEID # 7236.)

Respondent opposes Petitioner's motion for discovery, arguing that the motion amounts to an untimely motion for reconsideration of this Court's prior decision on procedural default. (ECF No. 133, at PAGEID # 7262.) In addition, Respondent argues that Petitioner has not shown good cause for the discovery he seeks, and the requested discovery is precluded by the AEDPA and the United States Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366 (2022). (*Id*. at PAGEID # 7262-63.)

## A. Timeliness

As an initial matter, Respondent argues the instant motion for discovery amounts to an untimely motion for reconsideration of this Court's prior decision on procedural default. (ECF No. 133, at PAGEID # 7262.) Respondent argues that the case Petitioner relies on for reconsideration of the Court's prior default Order – *White v. Warden,* 940 F.3d 270, 278 (6th Cir. 2019) – was decided on October 8, 2019, and Petitioner "offers no excuse for waiting nearly three years to ask for reconsideration." (ECF No. 133, at PAGEID # 7262.) This argument ignores relevant procedural history in this case.

In the time after *White* was decided, this Court granted Petitioner's motion to transport for medical testing/brain scans, and Respondent sought an interlocutory appeal of that Order. (ECF Nos. 109, 110.) This case then proceeded before the Sixth Circuit Court of Appeals, and ultimately, the United States Supreme Court. Upon conclusion of those proceedings, this Court issued a Scheduling Order establishing a time frame for filing the instant motion for discovery.

6

(ECF No. 126.) The motion, filed in accordance with the Court's Scheduling Order, seeks discovery to establish cause and prejudice, and by extension, seeks reconsideration of the Court's prior decision on procedural default.

Federal Rule of Civil Procedure 54(b) provides in relevant part that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims. . . ." Generally, motions for reconsideration are disfavored. *See, e.g., Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). Nevertheless, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health & Welfare*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Given the procedural history of this case and the time and resources devoted to the interlocutory appeal, the Court does not find Petitioner's motion untimely.

### B. Subclaim (C) of Petitioner's First Claim for Relief

In subclaim (C) of his First Claim for Relief, Petitioner argues his trial counsel were ineffective for failing to challenge his competency to stand trial. Previously, and in response to Respondent's motion to dismiss procedurally defaulted claims, Petitioner conceded subclaim (C) was procedurally defaulted and was never raised in the state courts. (ECF No. 79, at PAGEID 563; ECF No. 85, at PAGEID # 636.) Because his response to the Warden's motion to dismiss predated the United States Supreme Court's decisions in *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), Petitioner filed a Notice of Supplemental Authority, ECF No. 85, supplementing his prior response and urging the Court to apply those cases to

7

excuse the default of subclaim (C). Specifically, Petitioner asserted the ineffective assistance of his Rule 26(B) counsel during the reopening of his direct appeal as cause to excuse the default:

> *Martinez* and *Trevino* provide authority for the proposition that, in instances where an appellant's direct appeal is reopened pursuant to Rule 26(B), trial counsel IAC claims defaulted by ineffective Rule 26(B) post-conviction counsel's failure to present them may be rescued by the *Martinez/Trevino* cause and prejudice analysis.

(ECF No. 85, at PAGEID # 635.) This Court rejected Petitioner's argument and granted Respondent's motion to dismiss subclaim (C). (ECF No. 93, at PAGEID # 750.)

In the instant motion for discovery/reconsideration, Petitioner argues that two years after this Court issued its Opinion and Order on procedural default, the Sixth Circuit, in *White v. Warden*, 940 F.3d 270, 278 (6th Cir. 2019), determined that *Martinez* and *Trevino* apply to cases in Ohio, and applied both to excuse a petitioner's procedural default of a substantive ineffective assistance of trial counsel claim on the basis of ineffective assistance of postconviction counsel. In short, Petitioner wants this Court to reconsider its prior procedural default decision and seeks leave to conduct discovery further to develop evidence of *Martinez/Trevino* cause and prejudice to excuse the default of subclaim (C). This time around, Petitioner cites the ineffective assistance of his state postconviction counsel – as opposed to his Rule 26(B) counsel – for failing to raise what would have been an off-the-record claim of ineffective assistance of trial counsel for failing to challenge Petitioner's competency. Specifically, Petitioner argues as follows:

> [T]he trial counsel IAC claim that was not raised by appellate counsel [] could arguably be presented in two state court vehicles: his Rule 26(B) post-conviction proceedings or state postconviction. Neither occurred. If there was sufficient evidentiary foundation in the record that Mr. Twyford was incompetent then the matter should have been raised on direct appeal. If additional mental health evidence was necessary to substantiate trial counsels' ineffectiveness, i.e., a contemporaneous competency evaluation, then the issue was appropriate for postconviction review.

8

(ECF No. 129, at PAGEID # 7233.) Petitioner notes that after the decision in *White*, courts in this district have "applied *Martinez-Trevino* to Ohio law, and reconsidered previously issued orders in light of *White*, granting fact discovery and evidentiary hearings." (*Id*. at PAGEID # 7234) (citing, e.g., *Hasan v. Shoop*, 2021 WL 3510305, at *1 (S.D. Ohio Aug. 10, 2021)).

Petitioner argues that in order to show cause and prejudice under *Martinez*, "Mr. Twyford reasonably requires discovery of post-conviction counsels' conduct, investigation into the substantive claims, and discovery of trial counsels' conduct." (*Id*. at PAGEID # 7235.) With respect to the "merits" of subclaim (C), Petitioner seeks the following discovery:

> Mr. Twyford requests leave to depose trial counsel and all members of the trial team. Specifically, he seeks to depose trial counsel Adrian Hershey and David Vukelic. Additionally, depositions of all appellate counsel and post-conviction counsel are necessary as to the issues of their failures to raise this issue on direct appeal or postconviction. As inquiry into the above discussed failure of counsel will aid this Court in determining whether counsel's performance was ineffective and prejudicial, warranting relief. Depositions of counsel and team members could further support that they developed no reasonable trial strategy under *Strickland v. Washington*, 466 U.S. 668 (1984). Until counsel explains why the aforementioned failures were apart of some litigation strategy, any affirmance of their effectiveness would be purely speculative. Because the responses counsel provide "may" lead to obtaining habeas corpus relief on his First Claim, this Court should grant Mr. Twyford's request to depose all state counsel to support these claims. Mr. Twyford also request[s] leave to subpoena all competency evaluations, psychiatric and sanity examination[s], and any other related documentation that was available to trial counsel before and during Mr. Twyford's trial.

(*Id*. at PAGEID # 7235-36.)

Petitioner does not address the possible impact of the recent Supreme Court decisions in *Shinn v. Ramirez* and *Shoop v. Twyford* on the factual development he seeks, other than to say that "28 U.S.C. § 2254(e)(2) does not prevent discovery here," because he "requested discovery in state court proceedings" and has therefore not "failed to develop the factual basis of his claims

9

in state court." (*Id*. at PAGEID # 7244.) Petitioner contends that neither *Shinn* nor *Shoop* overruled *Bracy* concerning the standard for discovery in federal habeas proceedings. (*Id*.)

                1.        The Equitable Rule of *Martinez* and the *Shinn v. Ramirez* Decision

The "equitable rule in *Martinez*" stems from the decisions of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), and holds that, in certain narrow circumstances, the ineffective assistance of *postconviction counsel* can qualify as cause to excuse the procedural default of an underlying claim of ineffective assistance of counsel *at trial*. But the habeas petitioner must make three important showings:

> First, that the state either prohibits or makes it "virtually impossible" to raise ineffective-assistance-of-trial-counsel claims on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 417, 133 (2013) (citation omitted). Second, that the petitioner received ineffective assistance of counsel in the initial state post-conviction proceedings. *Martinez*, 566 U.S. at 17. Third, that the petitioner has a substantial claim that counsel rendered ineffective assistance at trial. *Id.* at 13–14.

*Rogers v. Mays*, 69 F.4th 381, 395 (6th Cir. 2023). "To be substantial, an ineffective-assistance-of-trial-counsel claim must, among other things, be supported by evidence." *Id*. (citing *Martinez*, 566 U.S. at 15-16.)

Initially, there was uncertainty as to whether *Martinez* and *Trevino* applied to Ohio's system of postconviction review. In Ohio, claims of trial counsel ineffectiveness that appear on the face of the trial record must be raised on direct appeal, but claims that rely on evidence outside the record must be brought in state postconviction proceedings. In *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270 (6th Cir. 2019), the Sixth Circuit recognized that the *Martinez/Trevino* exception can apply in Ohio where the ineffective assistance of trial counsel claim at issue could not be meaningfully raised on direct appeal for lack of a sufficient record.

Recently, the Supreme Court limited the already narrow application of *Martinez*. In

10

*Shinn v. Ramirez*, 596 U.S. 366 (2022), the Supreme Court recognized that habeas petitioners asserting procedurally defaulted "*Martinez*" claims often seek to expand the state court record by developing and introducing new evidence in federal court. At issue in *Shinn* were lower court decisions to allow factual development on not only whether the ineffective assistance of postconviction counsel constituted cause to excuse the procedural default of an underlying ineffective assistance of trial counsel claim, but also on the merits of that substantive claim of trial counsel ineffectiveness. *Id*. at 373-74.

The Supreme Court set forth the requirements that must be met for expansion of the state court record per 28 U.S.C. § 2254(e)(2):

> Section 2254(e)(2) provides that, if a prisoner "has failed to develop the factual basis of a claim in State court proceedings," a federal court may hold "an evidentiary hearing on the claim" in only two limited scenarios. Either the claim must rely on (1) a "new" and "previously unavailable" "rule of constitutional law" made retroactively applicable by this Court, or (2) "a factual predicate that could not have been previously discovered through the exercise of due diligence." §§ 2254(e)(2)(A)(i), (ii). If a prisoner can satisfy either of these exceptions, he also must show that further factfinding would demonstrate, "by clear and convincing evidence," that "no reasonable factfinder" would have convicted him of the crime charged. § 2254(e)(2)(B).

*Id.* at 381. The Court went on to explain that the opening clause of § 2254(e)(2) is triggered by "fault" of the petitioner, which also includes any negligence or ineffective assistance by the petitioner's postconviction counsel. *Id*. at 382-83. That is, "under AEDPA and our precedents, state postconviction counsel's ineffective assistance in developing the state-court record is attributed to the prisoner." *Id.* at 382-83.

In reaching this conclusion, the Supreme Court relied upon its decision in *Coleman v. Thompson*, 501 U.S. 722 (1991), which reasoned that "the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of

11

attorney error." *Id.* at 380. Based on this principle, the Supreme Court held that "under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing *or otherwise consider evidence beyond the state-court record* based on ineffective assistance of state postconviction counsel." *Id.* at 382 (emphasis added). The Sixth Circuit has summarized *Shinn* as follows:

> Generally, petitioners using *Martinez* may not rely on new evidence introduced in federal court. *Shinn*, 142 S. Ct. at 1728. That is because petitioners should bring and develop their claims in state court first. *Id.* at 1731–32. If they do not, they bear the consequences, including strict limits on their ability to introduce new evidence in federal court. *Id.* at 1734.
>
> * * *
>
> In sum, a petitioner who has procedurally defaulted his claims of ineffective assistance by trial counsel may in some limited circumstances rely on *Martinez* to excuse his procedural default. But he must provide evidence to show his claims are substantial. And that evidence must come from the state-court record unless the petitioner can satisfy the stringent requirements of 28 U.S.C. § 2254(e)(2).

*Rogers*, 69 F.4th at 396-97.

    2.  *Shoop v. Twyford*

Shortly after issuing the decision in *Shinn*, the Supreme Court reviewed this Court's Order directing the state to transport Petitioner to a hospital for neurological testing. *Shoop v. Twyford*, 596 U.S. 811 (2022). In requesting the order to transport, Petitioner argued his trial counsel was ineffective for failing to present evidence of a head injury he sustained as a teenager, and Petitioner hoped the neurological testing would develop evidence related to his claims for relief. *Id.* at 816. One challenge on appeal was that this Court did not address whether it would be able to consider the evidence that Petitioner hoped to develop. *Id.* The Supreme Court noted that Petitioner only "asserted in passing that the desired evidence could 'plausibly' bear on the question whether to excuse procedural default[,]" but "did not identify the

12

particular defaulted claims he hope[d] to resurrect, nor did he explain how the testing would matter to his ability to do so." *Id.* at 823. The Supreme Court held that this Court erred in granting Petitioner's motion to transport without first considering whether the newly developed evidence "would aid its adjudication of his habeas petition." *Id*. at 822. Implicit in the Supreme Court's decision is that Petitioner failed to show that any resulting evidence was admissible:

> And in any event, this Court has already held that, if § 2254(e)(2) applies and the prisoner cannot meet the statute's standards for admitting new merits evidence, it serves no purpose to develop such evidence just to assess cause and prejudice.

*Id*. at 823. The Supreme Court cautioned that a federal court "must, before facilitating the development of new evidence, determine that it could be legally considered in the prisoner's case." *Id*. at 820.

As set forth in the motion for discovery, the factual development Petitioner seeks relates to both *Martinez* cause to excuse the procedural default of subclaim (C), as well as the merits of the underlying claim of trial counsel ineffectiveness regarding his competency that he hopes to resurrect. For the reasons that follow, this Court need not consider the extent to which *Shinn* and *Shoop* influence a petitioner's motion for discovery in order to develop *Martinez* cause and prejudice, because in this case, Petitioner has not satisfied the basic "good cause" requirement to conduct discovery pursuant to Habeas Rule 6. Petitioner has not demonstrated that the equitable rule of *Martinez* applies to subclaim (C) of his First Claim for Relief. Accordingly, the Court finds no reason to reconsider the prior Opinion and Order dismissing subclaim (C) on the basis of procedural default.

        3.      Petitioner has not shown that *Martinez* applies to subclaim (C)

As noted above, Petitioner's discovery request targets his "cause and prejudice" claim of

13

ineffective assistance of postconviction counsel that he offers as cause to permit review of otherwise defaulted claims. In Petitioner's prior Notice of Supplemental Authority, Petitioner argued that cause existed to excuse the default of subclaim (C), because his Rule 26(B) counsel should have raised this claim of trial counsel ineffectiveness for failing to challenge Petitioner's competency to stand trial in connection with his reopened direct appeal. By way of background, during Petitioner's initial direct appeal, appellate counsel raised only three claims for relief that spanned a mere fourteen pages of briefing. The Ohio Seventh District Court of Appeals affirmed his conviction and sentence. *State v. Twyford*, No. 93-J-13, 1995 WL 591905 (Ohio App. 7th Dist. Oct. 6, 1995). Petitioner filed a timely notice of appeal to the Ohio Supreme Court. Appellate counsel moved to withdraw and the Ohio Supreme Court appointed the Ohio Public Defender to represent Petitioner. New counsel filed an application to reopen the direct appeal pursuant to Ohio R. App. P. 26(B). The application identified thirty-eight potentially meritorious claims that were apparent from the face of the trial record but were not raised by initial appellate counsel. On January 2, 1997, the Seventh District Court of Appeals granted Petitioner's application to reopen, and the Ohio Supreme Court stayed further proceedings. Upon review of the additional claims raised in the reopened direct appeal, the Seventh District once again affirmed Petitioner's conviction and sentence. *State v. Twyford*, No. 93-J-13, 1998 WL 671382 (Ohio App. 7th Dist. Sept. 25, 1998). The Ohio Supreme Court consolidated the appeals of both decisions and affirmed. *State v. Twyford*, 94 Ohio St. 3d 340 (2002).

In the prior Notice of Supplemental Authority, Petitioner argued the equitable rule of *Martinez* should apply to his reopened direct appeal, because Ohio treats these proceedings as a postconviction remedy. That is, although the language of Rule 26(B) contemplates the

appointment of counsel, there is no constitutional right to the effective assistance of counsel either to pursue the application to reopen or to prosecute the reopened appeal. (ECF No. 85, at PAGEID # 632-33.) Petitioner argued:

> [T]his claim of ineffective assistance of trial counsel is a substantial claim. The *record evidence unequivocally establishes* that Mr. Twyford was not competent to be tried until at least the second day of trial. Trial counsel was constitutionally ineffective insofar as trial counsel made no request for a second competency evaluation or continuance to ensure Mr. Twyford was indeed restored to competency and did not object or address *the evidence of record* that Mr. Twyford was incompetent to assist his attorneys preceding trial. Second, Mr. Twyford's Rule 26(B) post-conviction counsel was ineffective during the Rule 26(B) collateral review proceeding insofar as *counsel failed to raise this substantial trial counsel IAC claim notwithstanding that it was apparent on the face of the record and is stronger than other claims counsel did raise.* . . . For these reasons, Mr. Twyford satisfies the four-prong *Martinez/Trevino* test with respect to this claim and, as such, has established cause to excuse any procedural default.

(*Id*. at 636-37) (emphasis added). This argument is a concession that subclaim (C) is a record-based claim that should – or could – have been raised and supported by record evidence on direct appeal. If that is the case, *Martinez* does not apply here.

*Martinez* and *Trevino* carved out a very narrow exception allowing the ineffective assistance of postconviction counsel to serve as cause to excuse the default of a substantial claim of trial counsel ineffectiveness, but only where a state postconviction proceeding was the petitioner's first opportunity for meaningful review of the underlying claim involving trial counsel ineffectiveness. Although Petitioner now argues that subclaim (C) could have also been raised in state postconviction proceedings separate from the Rule 26(B) reopened direct appeal, this position is inconsistent with his prior argument that the claim set forth in subclaim (C) was "apparent from the face of the record and [was] stronger than other claims [direct appeal] counsel did raise." (ECF No. 85, at PAGEID # 636.) The proper characterization of this

15

subclaim as one that is record based or one that depends on evidence *dehors* the record is important, as the Sixth Circuit has not hesitated to find *Martinez/Trevino* inapplicable where the claim of trial counsel ineffectiveness at issue could have been raised in a meaningful way on direct appeal. *See, e.g., Mack v. Bradshaw*, 88 F.4th 1147, 111 (6th Cir. 2023) ("Mack's argument relies on evidence in the record, allowing us to excuse his procedural default only if he lacked a "meaningful opportunity" to raise it on direct appeal."); *see also Mammone v. Jenkins*, 49 F.4th 1026, 1048 (6th Cir. 2022) (discussing cases and noting that "*White* illustrates that *Martinez* and *Trevino can* apply in an Ohio case, but it does not show that they apply to Ohio cases generally").

Here, Petitioner has not argued that subclaim (C) was required to be brought in state postconviction proceedings in order to be litigated in a meaningful way. To the contrary, in the prior Notice of Supplemental Authority, Petitioner argued that "any attempt to present such a claim in state post-conviction proceedings would be barred by the doctrine of res judicata." (ECF No. 85, at PAGEID # 635.) Petitioner cited the rule of *State v. Perry* for the proposition that "claims appearing on the face of the record must be raised on direct appeal, or they will be waived under the doctrine of *res judicata*." (*Id*.) Although Petitioner now contends this claim of trial counsel ineffectiveness for failing to challenge competency "could arguably be presented in two state court vehicles: his Rule 26(B) post-conviction proceedings or state postconviction," this does not meet his burden of establishing that "the state either prohibits or makes it 'virtually impossible' to raise ineffective-assistance-of-trial-counsel claims on direct appeal." *Rogers v. Mays*, 69 F.4th 381, 395 (6th Cir. 2023) (quoting *Trevino*, 569 U.S. at 417). This failure is fatal to Petitioner's request for discovery to develop *Martinez* cause, irrespective of the potential

16

limitations on factual development imposed by § 2254(e)(2) and *Shinn*. Therefore, the Court **DENIES** Petitioner's motion to reconsider the procedural default decision as to subclaim (C) of his First Claim for Relief, ECF No. 93, and **DENIES** Petitioner's request for discovery.

### C. Third Claim for Relief – Prosecutorial Misconduct

In the Court's prior Opinion and Order addressing procedural default, the Court determined Petitioner procedurally defaulted the allegations of prosecutorial misconduct set forth in paragraphs 277, 278, and 280-283 of his Third Claim for Relief, because Petitioner failed to object to the alleged misconduct at trial and the state courts enforced that procedural default by conducting plain error review. (ECF No. 93, at PAGEID # 725.) This Court further determined that the ineffective assistance of trial counsel could not serve as cause and prejudice to excuse the default, because Petitioner never raised a corresponding claim of trial counsel ineffectiveness (based on counsel's failure to object to the prosecutorial misconduct) before the state courts. (*Id*. at PAGEID # 728-29). *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (an ineffective assistance of counsel claim cannot be asserted as cause to excuse the procedural default of another federal claim if it is itself procedurally defaulted).

In the motion for discovery/reconsideration, Petitioner argues that subclaim (K) of his First Claim for Relief sets forth a freestanding claim of trial counsel ineffectiveness based on trial counsel's failure to object to the prosecutorial misconduct at issue, and that subclaim (K) "survived dismissal, as the Warden did not raise procedural default as a defense to the claims nor did this Court address any issues of default, *sua sponte*, in its dismissal order." (ECF No. 129, at PAGEID # 7237-38.) According to Petitioner, "subclaim K's procedural posture allows for a meritorious review of trial counsel's ineffectiveness for the purpose of determining if the

17

procedural default of Mr. Twyford's Third Claim for Relief can and should be excused." (*Id*. at PAGEID # 7238.) To that end, Petitioner seeks reconsideration of the Court's procedural default ruling, and requests discovery, in the form of "leave to depose trial counsel and all members of the trial team," in order to develop additional evidence "for the purpose of excusing the default of Claim Three" and to "determine the merits of Claim Three." (*Id*. at PAGEID # 7240.)

The Court **DENIES** Petitioner's request to reconsider the procedural default decision regarding his Third Claim for Relief. On direct appeal, Petitioner attempted to raise the claims of prosecutorial misconduct set forth in paragraphs 277, 278, and 280-283, but the Ohio Supreme Court enforced the contemporaneous objection rule. Petitioner does not claim that he properly presented the state courts with a claim of trial counsel ineffectiveness for counsel's failure to object that could properly be considered as cause and prejudice to excuse that default pursuant to *Edwards v. Carpenter*. Instead, Petitioner seemingly argues the Court should consider the ineffectiveness of trial counsel as cause, because Respondent has not yet asserted default as to subclaim (K) of his First Claim for Relief. But Respondent *does* allege default as to his Third Claim for Relief, and this Court may not ignore relevant Supreme Court precedent governing what may be considered as cause to excuse that default. It is well settled that a claim of ineffective assistance of counsel "must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards*, 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted. *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for discovery, ECF No. 129, and motion to reconsider the Court's September 27, 2017, Opinion and Order dismissing subclaim (C) of his First Claim for Relief, and paragraphs 277, 278 and 280-283 of his Third Claim for Relief. Those claims are and remain procedurally defaulted.

**IT IS SO ORDERED.**

                                                                                 **ALGENON L. MARBLEY**
                                                                                 **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:** March 27, 2024